UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LINDI HALL, INDIVIDUALLY, AS WRONGFUL DEATH BENEFICIARY, AS THE REPRESENTATIVE OF THE ESTATE OF JONATHAN LANE HALL, AND AS NEXT FRIEND OF CH, BH, AND AH, MINORS | CIVIL ACTION<br><br>NO: 5:20-cv-196<br><br>JUDGE:<br><br>MAGISTRATE JUDGE: |
| VERSUS | |
| ETHEREDGE ELECTRIC COMPANY, LLC, D/B/A ETHEREDGE INDUSTRIAL SERVICES | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§1332 and 1441 and further based on the grounds set forth in this Notice of Removal, defendants, Atlas Copco Compressors LLC ("Atlas Copco"), Pratt Paper (LA), LLC and Pratt Industries, Inc. (collectively "Pratt"), and Arkansas Industrial Machinery, Inc. ("AIM), hereby remove this action from the 1st Judicial District Court for the Parish of Caddo, State of Louisiana, to the United States District Court for the Western District of Louisiana, Shreveport Division. This removal is filed with the consent of Etheredge Electric Company, LLC d/b/a Etheredge Industrial Services ("Etheredge"), the original defendant in the state court action. In support of the Notice of Removal, defendants state as follows:

1.

On or about December 18, 2019, Plaintiff, Lindi Hall, individually and as the executor of Jonathan Lane Hall's estate ("Hall"), and as next friend of her minor children, CH, BH, and AH,

filed a Petition for Wrongful Death in the 1st Judicial District Court for the Parish of Caddo, State of Louisiana, entitled "*Lindi Hall, Individually, as wrongful Death Beneficiary, as the representative of the Estate of Jonathan Lane Hall, and as next friend of CH, BH, and AH, Minors versus Etheredge Electric Company, LLC, D/B/A Etheredge Industrial Services*", (the "Petition") bearing Docket No. 621286-A.[1]  Etheredge was served on December 26, 2019[2] and Etheredge filed an answer to the Petition on or about January 13, 2020.[3]

2.

On or about January 21, 2020, Plaintiff filed a First Amended Petition for Wrongful Death adding Atlas Copco, AIM, and Pratt as additional defendants.[4] Etheredge was served on January 22, 2020.[5] AIM was served on January 22, 2020[6] and filed an answer to the First Amended Petition on or about February 7, 2020.[7]

3.

The United States District Court for the Western District of Louisiana, Shreveport Division, is the Court embracing the Parish of Caddo wherein the state court action is pending.

4.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 and it is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

---

[1] Exhibit A- Petition for Wrongful Death
[2] Exhibit B- Etheredge Citation Service Return
[3] Exhibit C- Etheredge Answer to Petition
[4] Exhibit D- First Amended Petition for Wrongful Death
[5] Exhibit E- Etheredge Citation Service Return
[6] Exhibit F- AIM Citation Service Return
[7] Exhibit G- AIM Answer to Petition and First Amended Petition

5.

Pratt Paper (LA), LLC and Pratt Industries, Inc., were served with the First Amended Petition on January 30, 2020.[8]

6.

Atlas Copco Compressors LLC was served with the First Amended Petition on January 30, 2020.[9]

7.

AIM was served with the First Amended Petition on January 22, 2020.[10]

8.

In accordance with 28 U.S.C. §§1441 and 1446, this Notice of Removal to the United States District Court is timely filed, it being no more than 30 days after service of the First Amended Petition on any of the defendants, Pratt, Atlas Copco and AIM, and within one year of the initial filing of the original Petition against Etheredge in the 1st Judicial District Court, Caddo Parish, State of Louisiana.

**DIVERSITY JURISDICTION**

9.

Plaintiff is a resident and domiciliary of the State of Louisiana, Desoto Parish.[11]

10.

Defendant, Pratt Paper (LA), LLC, is a limited liability company organized under the laws of the state of Delaware, with its principal place of business located in Georgia. For purposes of

---

[8] Exhibit H- Pratt Industries Citation Service Return; Exhibit I- Pratt Paper Citation Service Return
[9] Exhibit J- Atlas Copco Citation Service Return
[10] Exhibit F- AIM Citation Service Return
[11] Exhibit A- Petition for Wrongful Death, Preamble

diversity, the sole member of Pratt Paper (LA), LLC, is Pratt Industries, Inc., also named- a defendant herein, a private Delaware Corporation with its principal place of business in Georgia.

11.

Defendant, Atlas Copco is a private non-governmental Delaware limited liability company whose principal placed of business is located in South Carolina. The sole member of Atlas Copco is Atlas Copco North America LLC, a Delaware limited liability company whose principal placed of business is located in New Jersey. The sole member of Atlas Copco North America LLC is Atlas Copco USA Holdings Inc, a Delaware corporation whose principal placed of business is located in New Jersey.

12.

Defendant, AIM is a corporation organized under the laws of the State of Arkansas with its principal place of business in Arkansas.

13.

Defendant Etheredge is a limited liability company organized under the laws of Louisiana. The sole member of Etheredge is Dennis Etheredge who resides in Shreveport, Louisiana.

14.

Federal subject matter jurisdiction exists under 28 U.S.C. § 1332 despite Defendant Etheridge being a Louisiana limited liability company. Defendant Etheredge was improperly joined in this action under federal jurisprudence inasmuch Plaintiff has no reasonable possibility of recovery against Defendant Etheredge. Defendant Etheredge consents to this removal, as evidenced by the Consent to Removal filed herewith.[12]

---

[12] Exhibit L- Etheredge Consent to Removal

## **IMPROPER JOINDER**

15.

Plaintiff asserts that on June 26, 2019, Hall, an employee of Pratt, was attempting to troubleshoot a malfunctioning dryer at Pratt's paper mill in Shreveport, Louisiana when a sudden release of pressurized air caused an exhaust pipe to snap down and strike Hall, ultimately resulting in his death.[13]

16.

Plaintiff asserts that Atlas Copco is liable for the incident and the resulting damages as a result of negligence, fault and/or liability including but not limited to its failure to properly design and/or manufacture the dryer as well as the failure to properly guard and/or warn about the dangers associated with an uncontrolled volume and pressure of air being released to the atmosphere[14]. The First Amended Petition also asserts that Atlas Copco is liable because the dryer was unreasonably dangerous and/or defective in design due to the failure to design and manufacture bracing that would have anchored the dryer's vent pipe[15], due to the failure to warn Pratt, AIM, Hall of the defects and of the extreme danger of not having measures in place to prevent injury[16], due to its construction and composition which deviated from specifications and performance standards[17], and due to its failure to control the volume and/or pressure of air passing through the exhaust pipe[18].

---

[13] Exhibit D- First Amended Petition for Wrongful Death, Paragraph 6
[14] Exhibit D- First Amended Petition for Wrongful Death, Paragraph 14
[15] Exhibit D- First Amended Petition for Wrongful Death, Paragraph 16
[16] Exhibit D- First Amended Petition for Wrongful Death, Paragraph 17
[17] Exhibit D- First Amended Petition for Wrongful Death, Paragraph 18
[18] Exhibit D- First Amended Petition for Wrongful Death, Paragraph 19

17.

Plaintiff asserts that Atlas Copco is liable for the incident and the resulting damages as a result of negligence in failing to provide specifications on any exhaust pipe for the dryer which would not have been detrimental to operation of the dryer, in failing to design and integrate safety measures the volume and/or pressure of air through the vent tube, in creating an inherently dangerous design that allowed for an uncontrolled volume and/or pressure to be released which exceeded the capacity of the exhaust pipe, in allowing the dryer to leave its control with electronics, wiring and the composition of pipe not of the quality and durability specified, in selling a defective dryer, in failing to warn of a known hazardous condition, in failing to advise AIM about the proper installation of the dryer, and other acts of negligence.[19]

18.

Plaintiff asserts that AIM is liable for the incident and the resulting damages as a result of its unreasonable installation of the dryer and other unspecified acts of negligence, fault and/or liability which may be proven at trial, including but not limited to, the failure to install bracing for the exhaust pipe, installing the pipe upright and opposed to horizontal, failure to ensure proper sealing of the electronics and wiring on the dryer, and other acts of negligence to be shown.[20]

19.

Plaintiff asserts that Pratt is liable for the incident and the resulting damages as a result of its intentional acts based on the substantial certainty that the dryer could not regulate its pressure, which allegedly was a known and obvious issue and of which Pratt allegedly had notice, and

---

[19] Exhibit D- First Amended Petition for Wrongful Death, Paragraph 20
[20] Exhibit D- First Amended Petition for Wrongful Death, Paragraphs 21 and 23

sending non-experts, including Plaintiff's decedent to inspect, diagnose and trouble shoot the dryer.[21]

20.

Plaintiff asserts that Etheredge is liable for the incident and the resulting damages as a result of its unreasonable installation and maintenance of the dryer and other items of negligence, fault, and/or liability, including but not limited to the failure to inspect and identify the apparent and detectable mechanical and electrical conditions and/or failures which led to the incident, failure to maintain the dryer in proper working order, and other acts of negligence to be shown.[22]

21.

The party seeking removal based on complete diversity and the improper joinder of a non-diverse defendant bears a "heavy" burden of proving that the joinder was improper. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). To meet its burden, the removing party must show "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis*, 326 F.3d at 646-47. "[T]he test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co*., 385 F.3d 568, 573-74 (5th Cir. 2004). Generally, a court should "conduct a Rule 12(b)(6)-type analysis . . . to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* However, where a plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder" the district court may "pierce the pleadings and conduct a summary inquiry." *Id*. A court must resolve

---

[21] Exhibit D- First Amended Petition for Wrongful Death, Paragraph 27
[22] Exhibit D- First Amended Petition for Wrongful Death, Paragraph 24 and 26

7

all disputed questions of fact and ambiguities in the controlling state law in favor of the plaintiff. *Travis*, 326 F.3d at 649.

22.

The facts, as established by the affidavit of Jeff Sullivan,[23] the General Manager of the Pratt facility, and who has personal knowledge of the pertinent facts after review of all available records, show that Etheredge did not perform any work or maintenance on the dryer on or prior to June 26, 2019, the date of the incident. Further, Pratt did not have a service or maintenance contract with Etheredge. Etheredge would only be called out to the Pratt facility as needed. As a result, Etheredge owed no duty to Plaintiff's decedent or to Pratt as alleged and breached no duty that it owed to Plaintiff's decedent or Pratt. Further, no action or inaction of Etheredge played any part in causing the incident. Therefore, there is no reasonable factual or legal basis upon which Plaintiff can recover against Etheredge. As such, Etheredge was improperly joined for the purpose of defeating diversity jurisdiction and Etheredge's citizenship should not be considered.

## AMOUNT IN CONTROVERSY

23.

Because Louisiana law does not allow a claimant to state the amount of damages sought to be recovered, the Fifth Circuit Court of Appeals has established a clear analytical framework for resolving disputes concerning the amount of controversy for actions removed from Louisiana State Courts. *Gebbia vs. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000). The removing defendant must prove only by the preponderance of the evidence the amount of controversy exceeds $75,000.00, exclusive of interest and costs, either by showing it is "facially apparent" from the

---

[23] Exhibit K- Affidavit of Jeff Sullivan

Petition the claims are likely to exceed $75,000.00, exclusive of interest or costs, or by setting forth facts which support the finding of the requisite amount.

24.

For purposes of 28 U.S.C. §1332(a), it is "facially apparent" the amount in controversy exceeds $75,000.00, exclusive of interest and costs. In the Petition and First Amended Petition, Plaintiff makes a claim for survival (La. C.C. Art. 2315.1) and wrongful death (La. C.C. art 2315.2) damages as a result of the death of Hall, including but not limited to:

(a) Pain, suffering and death;

(b) Mental pain and anguish leading to death;

(c) Past permanent disability;

(d) Scarring and disfigurement;

(e) Past, present and future mental pain and suffering;

(f) Loss of love and affection:

(g) Loss of enjoyment of life;

(h) Loss of support;

(i) Loss of services;

(j) Loss of earnings;

(k) Medical expenses, including life care expenses;

(l) Travel and other expense associated with the care of Lane Hall;

(m) Funeral expenses;

(n) Loss of consortium;

(o) Loss of inheritance;

(p) Any other damages proven at trial.[24]


25.

The general damages for wrongful death actions, alone, could exceed the $75,000 jurisdictional amount in controversy. See *Jones v. St. Francis Cabrini Hospital,* 652 So.2d 1331 (La. 1995) (Each adult child of the deceased was awarded $100,000 in wrongful death damages); *Salama v. State*, 211 So.3d 396 (La. App. 1 Cir. 2017) (Each adult child was awarded $150,000.00 in wrongful death damages.) See also *Williams v. Placid Oil Company*, 224 So. 3d 1101 (La. App. 3 Cir. 2017); *McGrail v. Lee*, 814 So. 2d 729 (La. App. 2 Cir. 2002); *Ditcharo v. State*, 2017 WL 4700823 (La. App. 4 Cir. 2017) where adult children of the deceased were awarded $750,000 in wrongful death damages. Moreover, upon information and belief, more than the $75,000 jurisdictional amount in workman's compensation benefits and medical expenses have been paid and/or are continuing to be paid to or on behalf Hall as of the date of this pleading.

18.

All defendants, without waiving and specifically reserving any and all defenses, objections, exceptions, motions, and rights which they are otherwise entitled, including but not limited to all rights and defenses set forth in the Federal Rules of Civil Procedure, consent to and join in the removal of this case from the 1st Judicial District Court for the Parish of Caddo, State of Louisiana, under docket number 621286 to this Honorable Court, the United States District Court in and for the Western District of Louisiana, Shreveport Division. Etheredge consents to the removal, and, as evidenced by the Consent to Removal which it has separately filed.

---

[24] Exhibit A- Petition for Wrongful Death, Paragraphs 13, 14, 15; Exhibit D- First Amended Petition for Wrongful Death, Paragraphs 29, 30, 31

19.

Defendants have provided notice to Plaintiff through delivery of a copy of this Notice of Removal and to the State Court through the filing of a Notice to Adverse Parties of Removal to Federal Court to the Clerk of Court for the 1st Judicial District Court into the record of the State Court action.

WHEREFORE, defendants, Pratt Paper (LA), LLC and Pratt Industries, Inc., Atlas Copco Compressors LLC, and Arkansas Industrial Machinery, Inc., pray that this matter be removed to the United States District Court for the Western District of Louisiana, Shreveport Division, and for further proceedings in accordance therewith. Defendants further pray for any other relief proper in the premises.

RESPECTFULLY SUBMITTED:

PUGH ACCARDO HAAS RADECKER & CAREY, LLC

_s/_*Frederick T. Haas, III*_____
Frederick T. Haas, III (#06393)
fhaas@pugh-law.com
Lawrence G Pugh, III (#17351)
lpugh@pugh-law.com
1100 Poydras Street, Suite 3300
New Orleans, Louisiana 70163
T:     (504) 799-4500
F:     (504) 274-3522
Defendant, Atlas Copco Compressors LLC

KEOGH, COX & WILSON, Ltd.

_s/_*Brian T. Butler*_____

Brian T. Butler (#17499)
bbutler@keoghcox.com
701 Main Street
Baton Rouge, Louisiana 70802
T:	(225) 383-3796
F:	(225) 343-9612
Defendants, Pratt Paper (LA), LLC and Pratt Industries, Inc.

DAVENPORT, FILES & KELLY LLC

_s/_*Mike C. Sanders*_____

Mike C. Sanders (#11701)
mcs@dfklaw.com
W. David Hammet (#23112)
1509 Lamy Lane
Monroe, Louisiana 71201
T:	(318) 387-6453
F:	(318) 323-6533
Defendant, Arkansas Industrial Machinery, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that I have this 12th day of February, 2020, electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system. I hereby certify that the foregoing was served on all counsel of record on this date by email and/or certified mail, and by the Court's CM/ECF system.

_s/_*Frederick T. Haas, III*_____