UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LINDI HALL                                    CIVIL ACTION NO. 20-cv-0196

VERSUS                                        CHIEF JUDGE HICKS

ETHEREDGE ELECTRIC SERVICES, LLC,             MAGISTRATE JUDGE HORNSBY
ET AL

**MEMORANDUM ORDER**

**Introduction**

Lindi Hall filed suit in state court against five defendants based on allegations that they are at fault in connection with the workplace death of her late husband. Defendants removed the case based on an assertion of diversity jurisdiction, which puts the burden on them to set forth facts that establish complete diversity of citizenship and the requisite amount in controversy. The court has reviewed the pleadings and notes issues with respect to the allegations of the citizenship of the plaintiffs and one defendant. There is also a need to resolve the improper joinder plea.

**Citizenship of Plaintiffs**

Lindi Hall, who alleges in her state court petition that she is a domiciliary of DeSoto Parish, Louisiana, brings claims in her individual capacity, as the representative of her late husband's estate, and as the next friend of her minor children. Defendants' notice of removal alleges in paragraph 9 that Plaintiff is a domiciliary of Louisiana, with no mention of the citizenship of her children or her late husband.

Citizenship with respect to an estate or minor is based on 28 U.S.C. § 1332(c)(2), which provides that the legal representative of the estate is deemed to be a citizen only of the same state as the decedent, and the legal representative of a minor is deemed to be a citizen only of the same state as the minor. Neither the state court petition nor the notice of removal alleges the state in which Mr. Hall or his children were citizens at the relevant times. The court will assume that Mr. Hall was a citizen of Louisiana when he died and that his children were citizens of Louisiana at the time the state court suit was filed and when it was removed. Those assumptions provide a factual basis for complete diversity of citizenship. If any party believes the assumption may be incorrect, they must file a statement of such in the record no later than **March 6, 2020**.

**Citizenship of Etheredge**

Defendants allege that Etheredge Electric Company, LLC is a limited liability company, the sole member of which is Dennis Etheredge who "resides in Shreveport, Louisiana." The citizenship of an LLC is based on that of its member(s), but it is an individual member's domicile rather than his mere residence that determines his citizenship for purposes of diversity jurisdiction. The difference between residency and domicile is explained in cases such as Midcap Media Finance, LLC v. Pathway Data, Inc., 929 F.3d 310, 313 (5th Cir. 2019) and O'Neal v. DePuy Synthes Sales, Inc., 2019 WL 5569615 (W.D. La. 2019). The court will assume that Mr. Etheredge is domiciled in Louisiana, making the LLC a citizen of Louisiana, unless a party files a written challenge in the record no later than **March 6, 2020**.

**Improper Joinder**

The citizenship of the Etheridge LLC is important. If it is a Louisiana citizen, then its presence as a defendant destroys complete diversity; Plaintiffs are also citizens of Louisiana. The removing defendants acknowledge this but assert that the citizenship of Etheredge should be ignored pursuant to the improper joinder doctrine, which is outlined in Smallwood v. Illinois Central RR Co., 385 F.3d 568 (5th Cir. 2004). They offer evidence in a "pierce the pleadings" style challenge that Etheredge did not perform any work or maintenance on the equipment at issue prior to the accident. Plaintiff has not yet challenged the improper joinder plea, but the court is obligated to determine subject matter jurisdiction, including whether a party is improperly joined, on its own initiative if it has to. Gasch v. Hartford Acc & Indem. Co. 491 F.3rd 278, 281 (5th Cir. 2007).

If Plaintiff contests the assertion that Etheredge was improperly joined, she must file a motion to remand, supported by a memorandum and any evidence she wishes to offer, by **March 20, 2020**[1] and explain why there is a reasonable basis to predict that state law would allow Plaintiff to recover against Etheredge. If Plaintiff files a motion to remand, it will be noticed for briefing so that the removing defendants can respond and attempt to meet their burden on the improper joinder issue.

---

[1] Improper joinder goes to subject matter jurisdiction, so it can be raised at any time. However, if Plaintiff wishes to assert any procedural defect challenges to removal, those must be raised by filing a motion to remand within 30 days after the filing of the notice of removal. 28 U.S.C. § 1447; Williams v. AC Spark Plugs, 985 F.2d 783, 786 (5th Cir. 1993).

If Plaintiff does not file a motion to remand by March 20 that challenges the improper joinder plea, the court will consider Plaintiff to concede the point, Etheredge will be dismissed without prejudice, and the case will proceed toward a Scheduling Order. If Plaintiff wishes to expedite that process, she may inform the court in writing that she concedes the improper joinder plea and agrees to the dismissal without prejudice of the claims against Etheredge.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 20th day of February, 2020.

Mark L. Hornsby
U.S. Magistrate Judge